IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jerry R. Clemons,                    :

              Plaintiff        :   Civil Action 2:10-cv-00892

    v.                             :   Judge Graham

Michael J. Astrue, Commissioner
of Social Security,                  :   Magistrate Judge Abel

              Defendant
                                     :

**ORDER**

This matter is before the Court on plaintiff Jerry R. Clemons' May 4, 2011 objections to Magistrate Judge Abel's April 21, 2011 Report and Recommendation.  The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Jerry R. Clemons is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the Magistrate Judge incorrectly characterized plaintiff's back impairment. The Magistrate Judge noted that there was no evidence of nerve root impairment, but he neglected to state that objective testing confirmed that Clemons suffered from multilevel degenerative changes with disc bulges and osteophytes resulting in narrowing of the neural foramina and that annular fissures were present at

L2-3 and L4-5. Plaintiff argues that the Magistrate Judge failed to mention the presence of the annular fissures, which are known to cause tremendous pain.

In the Magistrate Judge's summary of the medical evidence, he stated:

A March 3, 2009 MRI of plaintiff's lumbar spine revealed multilevel degenerative changes of the lumbar spine with disc bulges and osteophytes resulting in narrowing of the neural foramina. There were annular fissures present at L2-3 and L4-5. The disc narrowing was most severe at L5-S1. (R. 471-72.)

Doc. 20 at 8. The Magistrate Judge concluded that despite x-rays and MRIs result consistent with an impairment that would cause plaintiff neck and back pain, "they do not contain findings that would require a finding that the pain is disabling." *Id.* at 25. Plaintiff's objection is overruled.

Plaintiff also argues that the Magistrate Judge erred when he concluded that it was proper for the administrative law judge to consider Clemons' criminal history when assessing his credibility. Clemons' incarcerations occurred twenty or more years prior to Clemons' application for disability benefits. The administrative law judge and the Magistrate Judge also faulted plaintiff for his limited work history. Clemons testified that no one will hire him because of his record of incarceration and medical conditions. He attempted to find work through job services, but he was never interviewed. His past difficulty in finding a job is attributable to his medical conditions, and he should not be penalized for this.

As the Magistrate Judge concluded, it was not improper for the administrative law judge to consider plaintiff's prior criminal history and his limited work history

2

prior to his alleged onset date. The administrative law judge properly considered plaintiff's allegations of pain and the medical evidence related to his condition and concluded that his allegations were not supported by the clinical findings. The administrative law judge relied on plaintiff's conservative treatment and his behavior and demeanor at the hearing in addition to his prior incarcerations and limited work history. As a result, the administrative law judge's credibility determination is supported by substantial evidence.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

It is so ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 3, 2011